BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 821. Argued November 3, 1930.—Decided January 21, 1931.

*Andrés Mena* for appellant.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In this case the only papers filed are the petition for review accompanied by the writs referred to therein and containing the decision of the registrar. Neither the ap-

pellant nor the registrar has sought to enlighten the Court by taking advantage of the opportunity afforded them under its Rules. This is not good practice. The better the presentation of the issue by both sides the greater the accuracy of the decision to be rendered by the Court and the more clear and precise the jurisprudence to be established.

With such elements as have been made available to us, let us examine the issue involved. It appears from the petition herein that in a suit brought before the District Court of Humacao by Orcasitas against the Heirs of Crespo for the foreclosure of a mortgage, an order was made, which is copied in the said petition, decreeing the cancellation of several existing liens on the foreclosed property—awarded in the public auction to the appellant—in pursuance of writs to be directed to the Registrar of Caguas by the clerk of the court. The writs were issued, but they do not contain all that appears from the order. The writs have come to us in a certified form, but not so the order.

On receipt of the writs, the registrar canceled some of the liens but denied the cancellation of the others, thus:

". . . . and the cancellation is denied as to the record of the attachment in favor of Ramón Díaz Reyes and as to the record of the liens pursuant to a judgment in favor of Antonio L. López . . ., because the said persons, Díaz and López, were not served with notice of the mortgage foreclosure proceeding, the former in accordance with the provisions of the last paragraph of section 171 of the Mortgage Law Regulations, and the latter in conformity with the provisions of the second paragraph of section 172 of the said Regulations and the jurisprudence established by this court in Ramírez v. Registrar of San Juan, 31 P.R.R. 486. . ."

It is stated in the order that the process was duly published and that subsequent creditors were served with notice. We have noted what the registrar asserts. As we have already stated, the order does not appear in a certified form. But even if it did, its general terms ought to have been particularized in view of the assertion of the registrar.

Therefore, we must find that, in the case of the attachment in favor of Reyes, no service was made on him in accordance with the last paragraph of section 171 of the Mortgage Regulations; and that, in the case of the record of the judgment lien in favor of López, he was not notified as provided in the second paragraph of section 172 of the cited Regulations.

In his petition for review the appellant confined himself to invoking and transcribing section 125 of the Mortgage Law, as amended by Act No. 31 of 1912, and to contending that "in accordance with the aforesaid section and the jurisprudence established in similar cases by the Supreme Court, notice of the foreclosure of the said mortgage was served on all subsequent creditors, that is, some personally and some by publication, as is shown by the writ of cancellation and the order from the District Court of Humacao by virtue whereof the clerk issued to the Registrar of Property of Caguas the said writs of cancellation, in duplicate." That was all.

The jurisprudence of this court is not to be invoked in the manner done in this case. One should be more specific.

There is no doubt that, according to section 125 of the Mortgage Law, the cancellation lies of subsequent liens burdening a property, which, by reason of the foreclosure of a first mortgage thereon, is sold at public auction and the proceeds thereof are insufficient to cover the amount of such mortgage; but this is allowed where the statutory requirements, enacted for the protection of the holders of subsequent liens, have been complied with. As asserted by the registrar, no compliance has been had in the present case with the provisions contained in the last paragraph of section 171 and the second paragraph of section 172 of the Mortgage Regulations, as follows:

"When the certificates of the registrar of property show the addresses of the persons interested in the liabilities which may have

been recorded subsequently to the right of the petitioner, the judge shall order, at the time demand for payment is issued, that notice thereof be served on said interested persons at the addresses mentioned if found there.''

''    .        .        .        .        .        .

''These notices shall state the day, hour and place of the sale, and shall also serve to notify the creditors whose interests in the property were recorded or cautionay notices thereof entered subsequently to the claim of the execution creditors, upon whom the notice prescribed by the last paragraph of article 171 may not have been served, to which end it shall be necessary that the names of such interested persons be stated as they appear in the certificate of the registrar, in order that they may attend the sale if they so desire.''

It was incumbent on the appellant to show that the above provisions had been complied with, or that they are not applicable to his case. He has failed to do so, and therefore his appeal must be denied and the registrar's decision affirmed.